UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20601-CR-COOKE/TURNOFF

UNITED STATES OF AMERICA

vs.

JESTINA FRANCIS,

Defendant.
_____/

**FACTUAL PROFFER**

Should this matter proceed to trial the United States would present evidence to prove the following matters of fact beyond a reasonable doubt.

On or about July 26, 2011, FRANCIS' co-defendant, CHERRELLE LYNETTE SUTHERLAND, arrived at Miami International Airport aboard American Airlines Flight #1668 from Trinidad, Port of Spain. SUTHERLAND had traveled from Miami to Port of Spain Trinidad on the evening of July 23, 2011. After being admitted into the United States by U.S. Customs and Border Protection, the defendant presented herself and her luggage to the U.S. Customs and Border Protection for examination. During a secondary examination, U.S. Customs and Border Protection Officers discovered a solid sheet of suspected cocaine concealed in a false siding of each of the two (2) pieces of SUTHERLAND'S luggage.

SUTHERLAND identified FRANCIS as the person waiting to pick her up at the airport. Department of Homeland Security and U.S. Customs and Border Patrol Agents then approached FRANCIS at the airport and she confirmed she was there to pick up SUTHERLAND. The evidence would also show that FRANCIS introduced SUTHERLAND to a third person "Kern" who paid for

SUTHERLAND'S ticket and arranged for her accommodations and her receipt of the two pieces of luggage in Trinidad. Kern also promised to pay FRANCIS $1000 to $3000 for her part in introducing him to SUTHERLAND, communicating as the go between for the two of them, for taking SUTHERLAND to the airport and for picking her up from the airport. FRANCIS was to receive payment upon delivery of the luggage SUTHERLAND obtained in Trinidad. SUTHERLAND and FRANCIS told agents that she was to be paid $1,000 to $3,000 for her role in assisting with the SUTHERLAND'S travel to Trinidad and that SUTHERLAND would pick up identification documents and money. The evidence would also show that FRANCIS, relayed messages and instructions from Kern to SUTHERLAND while Sutherland was in TRINIDAD.

The evidence would also show that there were no documents of the type described and no money in any of the luggage. The evidence also includes several text messages to and from the FRANCIS and "KERN" and text messages between FRANCIS and SUTHERLAND arranging for the trip to Trinidad; and discussing the unfolding events at Customs, upon SUTHERLAND'S return, including the following:

> FRANCIS: *They still have ur bag?*
>
> SUTHERLAND: *Dey aint check my bag I think cuz da 'length' of time I think dey might ask me questions*
>
> FRANCIS: *O, ok B ready to answer, where the other bag?*

A field test of the powdery substance found in the two green bags proved positive for the presence of cocaine. The combined total weight of the cocaine found in the two bags was 1.46

kilograms. The estimated wholesale value of one kilo of cocaine at this time was approximately twenty eight to thirty two thousand dollars in Miami Florida.

The evidence would also prove that the foregoing events took place in the Southern District of Florida.

Date: 10/19/2011

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: _____
JAMES H. SWAIN
ASSISTANT UNITED STATES ATTORNEY

Seen and agreed:

Date: 10/19/11

By: _____
HELAINE BLYTHE BATOFF
ATTORNEY FOR DEFENDANT

Date: 10/19/11

By: _____
JESTINA FRANCIS
DEFENDANT